IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO: 7:08-CR-54
NO. 7:11-CV-80

| | |
|---|---|
| CHARLES MELVIN CAMPBELL, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Respondent. ) | ORDER |
| ) | |
| ) | |

This matter is before the Court on Petitioner's Motion to Vacate under 28 U.S.C. § 2255 and the Government's Motion to Dismiss. Petitioner's Motion is DISMISSED.

## FACTS

On May 28, 2008, the Grand Jury issued a twenty-count Indictment that charged Petitioner and nine others in Count One with conspiring with one another to distribute and possess with intent to distribute more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 846. (D.E. #3). Count Eight charged Petitioner with distributing more than five grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). Id. Count Nine charged Petitioner with possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Id. Count Ten charged Petitioner with engaging in the business of dealing in firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924. Id.

On August 25, 2008, pursuant to a written plea agreement, Petitioner pleaded guilty to drug and firearm charges. (D.E. #131).

On April 20, 2009, the Court sentenced Petitioner to 262 months' imprisonment on Count One and a consecutive 60 months' imprisonment on Count Nine, which the Court ordered Petitioner to serve consecutively. (D.E. #205). The Court also ordered Petitioner to serve five years of supervised release on Counts One and Two, and ordered Petitioner to pay a $200 special assessment. Id.

On May 11, 2009, Petitioner filed a notice of appeal. (D.E. #206). On September 2, 2009, Petitioner filed a brief in the Fourth Circuit Court of Appeals alleging that Petitioner did not knowingly and voluntarily waive his appellate rights, that the Court imposed a sentence upon Petitioner in an unconstitutional manner, that Petitioner's sentence was unreasonable, and that the Court erred when it imposed a ten-year mandatory minimum penalty on the drug count as well as a five-year consecutive mandatory minimum sentence on the gun count (18 U.S.C. 924(c)). (C.A.D.E. #16). On September 28, 2009, the Government moved to dismiss the appeal based on the appellate waiver contained in the plea agreement. (C.A.D.E. # 22). On December 10, 2009, the Fourth Circuit Court of Appeals granted the Government's motion to dismiss. (D.E. #215). On April 26, 2010, the Supreme Court denied Petitioner's writ of certiorari. (C.A.D.E. #32).

On April 18, 2011, Petitioner filed the instant motion to vacate his sentence.

## DISCUSSION

Petitioner's Motion argues that his counsel was ineffective for several reasons. He first argues that his attorney did not properly explain the importance and mechanics of his proffer sessions with the government, leading Plaintiff to initially lie to the Government and lose the opportunity for a 5k motion. He also argues that his attorney did not properly explain his plea agreement. Petitioner further claims that his attorney failed to object to several items in his

presencing report (PSR) despite Petitioner's requests. Additionally, he argues that neither his attorney nor the Court explained to him the sentencing guidelines and his potential sentence

Petitioner's Motion is without merit. Petitioner waived his right to object to these issues in his plea agreement. Moreover, the record demonstrates that Petitioner's counsel did not render ineffective assistance.

## A. <u>Petitioner's post-conviction motion is barred by his plea agreement</u>

Petitioner's waived his right to challenge his conviction or sentence in his written plea agreement.

Petitioner's plea agreement contained a valid <u>Wiggins</u> waiver. (D.E. #23), <u>United States v. Wiggins</u>, 905 F.2d 51 (4th Cir. 1990). Petitioner specifically agreed to waive:

> any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence of imprisonment in excess of the applicable advisory Guideline range, that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, except an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial conduct not known to the Defendant at the time of Defendant's guilty plea.

(D.E. #132).

Plaintiff was sentenced within the guidelines. Thus, Plaintiff cannot now object to his failure to procure a downward departure, the terms of his plea agreement, his presentencing report, or his sentencing guideline, as these are all issues that relate to "the establishment of the advisory guideline range."

Although Plaintiff tries to cloak these arguments as ineffective counsel claims, Petitioner's plea agreement only allows claims of ineffective counsel "not known to the Defendant at the time of Defendant's guilty plea." Barring the claims related to the PSR, Plaintiff should have been aware of all the now alleged ineffective counsel claims at the Rule 11 hearing.

3

Yet at that time, Plaintiff stated he satisfied with his attorney's law work. (Arraignment Tr. at 3). Thus, Plaintiff's waived all his instant claims.

B. Petitioner cannot claim his counsel was ineffective

Even if Petitioner had not waived his rights to contest the instant issues, he has failed to state a plausible claim for ineffective counsel.

In order to establish an effective assistance of counsel, Petitioner must show: (1) that trial counsel's representation fell below "an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-691, 694 (1984). Here, Plaintiff has failed to show either prong with respect to the terms of his guilty plea, PSR, or sentence.

At Petitioner's Rule 11 hearing, Petitioner told the Court that his lawyer had explained to him and that he understood the terms of the plea agreement, including the potential punishments. Petitioner also informed the Court that he had adequate time to speak with his attorney about his plea agreement. (Arraignment Tr. at 2-3, 6). (Arraignment Tr. at 6). Out of an abundance of caution, the Court read the terms of the agreement to Petitioner. Also out of an abundance of caution, the Court informed Petitioner about the charges and penalties he faced. Petitioner stated that his understood all of this information. (Arraignment Tr. at 5).

Thus, Plaintiff cannot now credibly claim that his attorney failed to properly explain the plea agreement or the potential penalties. Even if this were the case, the Court cured any prejudice when discussing the plea agreement and penalties with Petitioner.

The Petitioner also cannot credibly challenge his attorney's alleged failure to make requested objections to the PSR. During Petitioner's sentencing, this Court offered Petitioner an

4

opportunity to speak about his PSR. (Sentencing Tr. at 2). Petitioner informed the Court that he had reviewed the PSR, understood how the probation writer reached his guideline calculations, and that although he had a question about the drug weight, he had conferred with attorney on the matter. Id. When the Court gave Petitioner an opportunity to object to the report, Petitioner made no objections. Id. Thus, even if Petitioner's lawyer's representation was inadequate by failing to make the requested objections to the PSR, the Court cured any prejudice by giving Petitioner opportunity to question and object to the PSR.

Thus, Petitioner has failed to state a plausible claim for ineffective counsel.

## CONCLUSION

In conclusion, Petitioner has not adequately stated a claim under § 2255, and his petition is DISMISSED.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists would not find this dismissal debatable, a certificate of appealability is DENIED.

SO ORDERED, this 5 day of August, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE